UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2003 DEC -4  A 11: 46
US DISTRICT COURT
HARTFORD CT

STANLEY GOODRUM,
    Petitioner,

v.

COMMISSIONER OF CORRECTION,
    Respondent.

PRISONER
Case No. 3:02cv235(AWT)

**RULING AND ORDER**

The petitioner, Stanley Goodrum ("Goodrum"), is currently confined at the Carl Robinson Correctional Institution in Enfield, Connecticut.  Goodrum brings this action *pro se* for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his state conviction.  The respondent asks the court to dismiss this action because Goodrum has not exhausted his state court remedies with regard to all of the grounds for relief asserted in this petition.  For the reasons set forth below, the respondent's motion to dismiss is being denied.

**I. PROCEDURAL BACKGROUND**

In May 1993, Goodrum entered a plea of guilty to a charge of possession of marijuana and was found guilty after a jury trial on a charge of possession of narcotics with intent to sell by a non-drug-dependent person.  He was sentenced to a term of imprisonment of twenty-five years, execution suspended after

eighteen years, followed by five years probation.

On direct appeal, Goodrum argued that there was insufficient evidence to support his conviction; challenged jury instructions concerning a missing witness, consciousness of guilt and non-exclusive possession; and argued that marijuana seized from his home was inadmissible at trial. Goodrum's conviction was affirmed on direct appeal. See State v. Goodrum, 39 Conn. App. 526, 665 A.2d 159, cert. denied, 235 Conn. 929, 667 A.2d 554 (1995).

In June 1994, Goodrum filed a petition for a writ of habeas corpus in state court. He argued that trial counsel was ineffective because counsel: (1) inadequately cross-examined a witness about a paper bag and rubber bands found at the home of Goodrum's brother; (2) failed to object to jury instructions concerning a missing witness and consciousness of guilt; (3) failed to request a jury instruction on non-exclusive possession; (4) advised Goodrum to plead guilty to the possession of marijuana charge; (5) failed to object when the plea was introduced at trial; (6) failed to assert a defense of drug-dependence; and (7) failed to disclose a conflict of interest arising out of counsel's simultaneous representation of a co-defendant. The state court denied the petition and the denial was affirmed on appeal. See Goodrum v. Commissioner, 63 Conn. App. 297, 776 A.2d 461, cert. denied, 258 Conn. 902, 782 A.2d 136

(2001).

Goodrum commenced this action by filing a petition dated December 27, 2001. On January 24, 2003, Goodrum filed an amended petition asserting three grounds for relief: (1) the trial court failed to address adequately the issue of counsel's conflict of interest; (2) trial counsel provided inadequate assistance by virtue of counsel's inadequate cross-examination of the witness regarding the paper bag and rubber bands, counsel's failure to request jury instructions regarding non-exclusive possession, counsel's failure to object to the charge on consciousness of guilt, counsel's failure to preserve this claim for direct appeal, and counsel's improper advice regarding the guilty plea; and (3) he is actually innocent because he was drug-dependant at the time of his arrest.

On March 26, 2003, the respondent filed a motion to dismiss or stay this action on the ground that Goodrum had not exhausted his state court remedies with regard to all three of the claims asserted in the amended petition. Specifically, the respondent argues that Goodrum has exhausted his state court remedies only as to the first ground for relief. She contends that the second ground was not properly exhausted and that no attempt has been made to present the third ground to any state court.

In response, Goodrum sought leave to file a second amended petition to pursue only the claims for which he had exhausted his state court remedies. Upon review of the second amended

petition, filed September 5, 2003, the court noted that the petition contained the same three claims. On September 15, 2003, the court ordered Goodrum to file a notice identifying which claims he intended to pursue in this petition. By notice filed September 24, 2003, Goodrum stated that he has abandoned his third ground for relief and will proceed on the first two grounds contained in the second amended petition.

## II. STANDARD OF REVIEW

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of all available state remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509, 510 (1982); Daye v. Attorney General of the State of New York, 696 F.2d 186, 190 (2d Cir. 1982), cert. denied, 464 U.S. 1048 (1982); 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is not jurisdictional; rather, it is a matter of federal-state comity. See Wilwording v. Swenson, 404 U.S. 249, 250 (1971) (per curiam). The exhaustion doctrine is designed not to frustrate relief in the federal courts, but rather to give the state court an opportunity to correct any errors which may have crept into the state criminal process. See id. "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete

4

round of the State's established appellate review process." See O'Sullivan, 526 U.S. at 845.

The Second Circuit requires the district court to conduct a two-part inquiry. First, the petitioner must have raised before an appropriate state court any claim that he asserts in a federal habeas petition. Second, he must have "utilized all available mechanisms to secure appellate review of the denial of that claim." Lloyd v. Walker, 771 F. Supp. 570, 573 (E.D.N.Y. 1991) (citing Wilson v. Harris, 595 F.2d 101, 102 (2d Cir. 1979)). "To fulfill the exhaustion requirement, a petitioner must have presented the substance of his federal claims to the highest court of the pertinent state." Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994), cert. denied, 514 U.S. 1054 (1995) (internal citations and quotation marks omitted). See also Pesina v. Johnson, 913 F.2d 53, 54 (2d Cir. 1990) ("[T]he exhaustion requirement mandates that federal claims be presented to the highest court of the pertinent state before a federal court may consider the petition."); Grey v. Hoke, 933 F.2d 117, 119 (2d Cir. 1991) (same).

## III. DISCUSSION

The respondent concedes that Goodrum has exhausted his state court remedies with regard to the first ground for relief. She argues, however, that Goodrum failed to adequately apprise the Connecticut Supreme Court of the factual basis for his second ground for relief, namely, that his trial counsel was

5

ineffective.

To satisfy the exhaustion requirement on his ineffective assistance of counsel claim, Goodrum must have "fairly presented" this claim to the Connecticut Supreme Court. Id. Although this standard is not so stringent as to require the petitioner to cite "book and verse on the federal constitution," Picard v. Connor, 404 U.S. 270, 278 (1971), the state courts must be made aware of "both the factual and the legal premises of the claim [the petitioner] asserts in federal court." Jones v. Vacco, 126 F.3d 408, 413 (2d Cir. 1997) (citations and internal quotation marks omitted). See also Ellsworth v. Levenhagen, 248 F.3d 634, 639 (7th Cir. 2001) (requiring that petitioner present both operative facts and controlling legal precedent to the state courts).

Where, as here, review by the state's highest court is discretionary, the application for such review often may be "brief, ambiguously incorporate other papers by reference and be otherwise enigmatic." Ramirez v. Attorney General, 280 F.3d 87, 94 (2d Cir. 2001). In such a circumstance, the issue will be considered preserved for federal review "if the nature or presentation of the claim [was] likely to alert the court to the claim's federal nature." Id. (citation and internal quotation marks omitted). For example, the fair presentation requirement was considered satisfied where the petitioner requested that the state's highest court "consider and review all issues outlined" in the intermediate level appellate briefs attached to the

6

request for review. <u>Morgan v. Bennett</u>, 204 F.3d 360, 370-71 (2d Cir. 2000). However, the mere attachment of briefs to the request for review, without more, does not satisfy the fair presentation requirement. See <u>Bennett v. Artuz</u>, ___ F. Supp. 2d ___, 2003 WL 22298977, at *5 (E.D.N.Y. Sept. 26, 2003) (citing cases).

Here, Goodrum raised his ineffective assistance of counsel claim in his state habeas petition. On appeal to the Connecticut Appellate Court, he identified seven examples of ineffective assistance by counsel. The Appellate Court addressed all of those examples. In his petition to the Connecticut Supreme Court for certification for appeal from the Appellate Court, Goodrum stated: "This Court should grant certification and conduct a plenary review of the Appellate Court's analysis of [trial counsel's] errors and the prejudice resulting therefrom. The Appellate Court's decision is in conflict with <u>Bloomer v. United States</u>, 162 F.3d 187 (2d Cir. 1998); <u>United States v. Span</u>, 75 F.3d 1383 (9th Cir. 1996); and <u>Capp v. Sullivan</u>, 921 F.2d 260 (9th Cir. 1990)." In addition, Goodrum attached a copy of the Appellate Court's decision.

Although this portion of the petition for certification does not contain detailed legal argument that may have been helpful to the court, it does adequately inform the Connecticut Supreme Court that Goodrum sought review of the same ineffective assistance of counsel claim that he had raised before the

Connecticut Appellate Court on the ground that the Appellate Court's decision was contrary to the referenced federal court decisions. Thus, this court concludes that Goodrum has exhausted his state court remedies with regard to the second ground for relief.

## IV. CONCLUSION

The respondent's motion to dismiss or stay [doc. #29-1, 29-2] is hereby DENIED. Based on Goodrum's September 24, 2003 notice, the court finds that the third ground for relief has been abandoned. The respondent is directed to file her response to the first and second grounds for relief contained in the second amended petition within thirty days from the date of this order.

It is so ordered.

Dated this 4th day of December 2003, in Hartford, Connecticut.

                                            Alvin W. Thompson
                                    United States District Judge