UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

PRISONER

STANLEY GOODRUM,
Petitioner

CASE NO. 3:02CV235(AWT)(DFM)

2004 MAY 17  P 2: 41

United States District Court
District of Connecticut
FILED AT        BRIDGEPORT

V.

COMMISSIONER OF CORRECTION,
Respondent

MAY 7, 2004

5/17/04
Kevin F. Rowe, Clerk

By:

## ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS

Pursuant to Rule 5 of the Rules Governing Section 2254 cases in the United States

District Courts, the respondent now answers the claims raised in the petitioner's petition

for writ of habeas corpus.

## PROCEDURAL HISTORY

1.      In May 1993, the petitioner entered a plea of guilty to a charge of possession

of marijuana.    Thereafter, he was tried and convicted after a jury trial, Hadden, J.,

presiding, of possession of narcotics with intent to sell by a non-drug-dependent person

in violation of  General Statutes § 21a-278(b), conspiracy to sell narcotics in violation of

§§ 53a-48(a) and 21a-278(b), possession of marijuana in violation of § 21a-279(c), and five

counts of violation of probation.

2.      On May 7, 1993, the petitioner was sentenced to a term of imprisonment of

twenty-five years, execution suspended after eighteen year, and five years probation.

3.      On September 26, 1995, the Connecticut Appellate Court affirmed the "the

conviction with respect to the charges of possession of narcotics with intent to sell by a

person who is not drug-dependent, possession of marijuana, and violation of probation."

State v. Goodrum, 39 Conn. App. 526, 529, 665 A.2d 159, cert. denied, 235 Conn. 929,

667 A.2d 554 (1995). It reversed "the conviction on the charge of conspiracy to sell narcotics" because it concluded "that the evidence adduced at trial was insufficient as a matter of law to support the conviction on the conspiracy count." Id.

4.    In June 1994, the petitioner filed a petition for writ of habeas corpus in the Superior Court for the judicial district of New Haven. Subsequently, counsel was appointed to represent the petitioner. Eventually, his claims were described in a "Second Amended Petition" dated July 26, 1996. The state habeas court heard evidence in support of the petition at a trial held on November 1, 5, and 7, 1996. In a written memorandum of decision dated November, 18, 1996, the state habeas court denied the petition and judgment entered on November 22, 1996.

5.    On May 8, 2001, the Connecticut Appellate Court affirmed the judgment of the state habeas court. Goodrum v. Commissioner of Correction, 63 Conn. App. 297, 776 A.2d 461 (2001). In the Connecticut Supreme Court, the petitioner filed a petition for certification to appeal the decision of the Appellate Court. That petition was denied on September 13, 2001. Goodrum v. Commissioner of Correction, 258 Conn. 902, 782 A.2d 136 (2001).

6.    The respondent admits the allegations contained in paragraphs 1-16 and 18-26 of the petition to the extent that those allegations do not conflict with the procedural history as alleged in paragraphs 1 through 5 of this Answer.

**PETITIONER'S CLAIMS**

7.    The respondent denies the first claim contained in Paragraph 17 of the petition in which the petitioner alleges that his trial attorney labored under a conflict of

interest and that the trial court failed in its duty to inquire into the conflict.  In denying this claim, the respondent relies on the state habeas court record, the respondent's brief on appeal from the decision of the state habeas court, and the decision of the Connecticut Appellate Court.

8.    The respondent denies the second claim contained in Paragraph 17 of the petition in which the petitioner alleges that his conviction is unlawful because he was denied the effective assistance of counsel.  In denying the petitioner's allegations, the respondent relies on the state habeas court record, the respondent's brief on appeal from the decision of the state habeas court, and the decision of the Connecticut Appellate Court.

9.    The petitioner has abandoned the third claim contained in Paragraph 17 of the petition in which the petitioner alleges that he is actually innocent.  See Ruling and Order [Doc. # 41].

**EXHAUSTION / PROCEDURAL DEFAULT**

10.    It appears that the petitioner has exhausted his claims by presenting them to the Connecticut Supreme Court in a petition for certification to appeal the decision of the Connecticut Appellate Court.  See Appendix G.  To the extent that the petitioner's claims differ in any way from the claims as they were pursued in the state courts, the petitioner's failure to present his claims fairly to state courts renders federal habeas corpus relief unwarranted due to the petitioner's procedural default and/or lack of exhaustion.

**OTHER PENDING PETITIONS**

11.    The respondent is not aware of any other pending challenges to the judgment of conviction under attack in the instant federal habeas corpus proceeding.

## APPENDICES TO THIS ANSWER

12.    Copies of the following documents are forwarded to the court as appendices to this answer.

Appendix A    Connecticut Appellate Court's decision on direct appeal; State v. Goodrum, 39 Conn. App. 526, 529, 665 A.2d 159, cert. denied, 235 Conn. 929, 667 A.2d 554 (1995)

Appendix B    Connecticut Appellate Court's decision on appeal from state habeas court's decision, Goodrum v. Commissioner of Correction, 63 Conn. App. 297, 776 A.2d 461 (2001)

Appendix C    Record on appeal from the state habeas court's decision

Appendix D    Petitioner's brief on appeal from the state habeas court's decision

Appendix E    Respondent's brief on appeal from the state habeas court's decision

Appendix F    Petitioner's reply brief on appeal from the state habeas court's decision

Appendix G    Petitioner's petition for certification to appeal the decision of the Connecticut Appellate Court

Appendix H    Connecticut Supreme Court's decision denying the petitioner's petition for certification to appeal; Goodrum v. Commissioner of Correction, 258 Conn. 902, 782 A.2d 136 (2001)

Appendix I    Transcript of state habeas trial of November 1, 1996

Appendix J    Transcript of state habeas trial of November 5, 1996

Appendix K    Transcript of state habeas trial of November 7, 1996

## TRANSCRIPTS

13.    The proceedings of the 1993 criminal trial have been transcribed and can be forwarded to this court upon request.  The proceedings of the petitioner's state habeas trial have been transcribed and are forwarded as Appendices I, J, and K to this Answer.

## CONCLUSION

14.    The petitioner cannot demonstrate that he is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  Therefore, his petition for writ of habeas corpus must be dismissed.

Respectfully submitted,

RESPONDENT-COMMISSIONER OF
CORRECTION

By:  _____

JO ANNE SULIK
Assistant State's Attorney
Civil Litigation Bureau
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, Connecticut 06067
(860) 258-5887
(860) 258-5968 (fax)
Fed. Bar. No. ct 15122

## **CERTIFICATION**

I hereby certify that a copy of this answer was mailed to Stanley Goodrum, Inmate

No. 127765, Gates Correctional Institution, 131 N. Bridebrook Road, Niantic, Connecticut

06357, on May 7, 2004.


JO ANNE SULIK
Assistant State's Attorney